UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESSEX W. BAILEY,

        Plaintiff,        Case No. 1:11-cv-1170

v.        Honorable Janet T. Neff

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Michigan Department of Corrections, Curtin, Edelman, Stephenson, Briske and Crompton on grounds of immunity or for failure to state a claim. The Court will serve the complaint against Defendant Prison Health Services, Inc.

**Discussion**

    I.        Factual allegations

Plaintiff Essex W. Bailey presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Parnall Correctional Facility, though the actions underlying his complaint occurred while he was housed at the Oaks Correctional Facility (ECF). He sues the following Defendants: the MDOC; ECF Warden Cindi Curtin; Prison Health Services, Inc. (PHS); Doctors Adam Edelman and Robert M. Crompton; and Nurses Jeanine Stephenson and Addie Briske.

Plaintiff alleges that, on February 23, 2011, at about 4:30 p.m., he began to experience chest pains, shortness of breath and dizziness. Believing he was having a heart attack, Plaintiff asked his cell mate to press the panic button. An officer came to the cell ten minutes later and called Nurse Kowalski. After examining Plaintiff's vital signs, Kowalski believed Plaintiff's condition to be critical, and she ordered an emergency medical transfer to Munson Medical Center in Traverse City. Plaintiff was placed in the intensive care unit. The cardiologist diagnosed a myocardial infarction with multi-vessel coronary artery disease. He recommended coronary bypass grafting on three to four vessels, but Plaintiff could not be scheduled until March 4, 2011, because of secondary effects of constipation. Before the scheduled March 4, 2011 surgery could be performed, PHS denied authorization for the surgery.

Plaintiff was transferred to Allegiance Health Hospital on March 5, 2011, where cardiac specialists performed additional tests. Following those tests, Plaintiff was admitted because of the three-vessel coronary artery disease and because doctors believed Plaintiff was not safe in Duane Waters Hospital. Doctors again recommended arterial bypass surgery as medically

necessary. Plaintiff continued to be managed at Allegiance Hospital until such time as he could have open heart surgery, which was scheduled for March 10, 2011. PHS again denied authorization for the surgery. Instead, Plaintiff underwent a stent procedure on March 9, 2011. Plaintiff subsequently was discharged with directions to MDOC healthcare providers to monitor Plaintiff carefully and for Plaintiff to follow-up with cardiologists at Allegiance. Plaintiff then was transferred to Duane Waters Hospital for approximately one week before being transferred back to ECF.

Plaintiff alleges that he has been in constant pain. He contends that Defendants are deliberately indifferent to his serious medical need for bypass surgery, in violation of the Fifth, Eighth and Fourteenth Amendments. Plaintiff seeks an order for medical treatment, together with compensatory and punitive damages.

II.     Sovereign immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000

WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064,

2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendants Curtin, Edelman, Stephenson, Briske or Crompton in the body of his complaint. His allegations against them fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court therefore will dismiss Plaintiff's claims against Defendants Curtin, Edelman, Stephenson, Briske and Crompton for failure to state a claim.

Upon review, the Court concludes that Plaintiff's allegations against Defendant PHS are sufficient to warrant service of the complaint.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections, Curtin, Edelman, Stephenson, Briske and Crompton will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) on grounds of immunity or for failure to state a claim. The Court will serve the complaint against Defendant PHS.

An Order consistent with this Opinion will be entered.


Dated:   February 2, 2012                         /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge