UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESSEX BAILEY,

       Plaintiff,                              Hon. Janet T. Neff

v.                                         Case No. 1:11 CV 1170

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On February 25, 2011, Plaintiff began experiencing chest pains and shortness of breath. Plaintiff was immediately transferred to a hospital where he was diagnosed with multivessel coronary artery disease for which bypass surgery was recommended. Defendant Prison Health Services (n.k.a. Corizon Health, Inc.), however, did not approve Plaintiff to undergo bypass surgery. Plaintiff was subsequently transferred to a different hospital where he underwent placement of an arterial stent. Defendant Prison Health Services continues to withhold approval for Plaintiff to undergo coronary artery bypass surgery.

Plaintiff initiated this action against Prison Health Services, the Michigan Department of Corrections, and several individuals alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights. The Honorable Janet T. Neff subsequently dismissed Plaintiff's claims against all defendants save Prison Health Services which now moves for summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the*

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Plaintiff alleges that Defendant Prison Health Services denied him appropriate health care in violation of his Fifth, Eighth, and Fourteenth Amendment rights.  Prison Health Services (PHS) argues that it is entitled to relief because Plaintiff has failed to establish that he suffered any constitutional violation or that any such violation was the result of any PHS policy, practice, or custom.

The medical evidence submitted by Defendant demonstrates that on February 25, 2011, Plaintiff underwent "an urgent left heart catheterization with coronary angiography and percutaneous intervention with angioplasty and thrombus extraction, which is a procedure utilized to unblock the patient's coronary arteries." (Dkt. #22, Exhibit A; Dkt #25).  Three days later, Plaintiff underwent "a second heart catheterization with coronary anteriography and left ventriculography."  While it was initially recommended that Plaintiff undergo coronary bypass surgery, such treatment was ultimately deemed not medically necessary.  This determination was made by medical professionals in the exercise of their medical and professional judgment. *Id.*  The evidence submitted by Defendant reveals that

Plaintiff received extensive medical care following the event in question. While Plaintiff may have preferred that he receive bypass surgery, he has submitted no evidence that such treatment was medically necessary or that he suffered any detriment as a result of not undergoing such treatment. In short, Plaintiff simply disagrees with the treatment he received.

It is well established, however, that the Constitution is not implicated where an inmate simply disagrees with the treatment he received or asserts that he received negligent care. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not violate the Constitution); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on a denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation"). Simply put, Plaintiff cannot establish that he received inadequate or insufficient medical care. Moreover, even if Plaintiff could establish that he suffered a cognizable injury, he cannot establish that such was caused by Defendant Prison Health Services.

It is well accepted that Prison Health Services is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To establish liability against Prison Health Services, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Prison Health Services policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Prison Health Services had notice or constructive notice of such; (3) that Prison Health Services tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)). Plaintiff has failed to present any evidence that would enable him to satisfy these criteria.

In conclusion, Plaintiff has presented no evidence which, even if believed, would establish that he suffered any cognizable injury in this matter let alone an injury resulting from a Prison Health Services policy, practice, or custom. The undersigned, therefore, recommends that Defendant Prison Health Services' motion for summary judgment be granted.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #22), be **granted** and this matter terminated.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 16, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge